**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KARANYA DUDLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-09-2076 |
| | § | |
| SHERRY, ARK/TEX COUNCIL | § | |
| OF GOVERNMENT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS FOR LACK OF JURISDICTION**

This matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #4). On June 29, 2009, Plaintiff Karanya Dudley ("Plaintiff," "Dudley") filed this lawsuit against Defendants Ark/Tex Council of Government[s] ("ATCOG"), and one of its employees, identified only as "Sherry" (collectively, "Defendants"). Plaintiff's claims are based on Defendants' allegedly poor treatment of her during her attempts to receive public housing assistance. (Original Complaint ["Complaint"], Docket Entry #1). Having reviewed the pleadings and the applicable law, it is RECOMMENDED that this action be DISMISSED.

**Background**

According to its website, Defendant Ark/Tex Council of Governments is "a voluntary association of local governments" that coordinates "funding, resources, programs and services" that are offered by local, state, and federal governments. *See http://www.atcog.org*. Among ATCOG's services is the administration of certain housing assistance programs funded by the United States Department of Housing and Urban Development "in the nine northeast counties of Texas." *See id*.

ATCOG's main office is in Texarkana, Texas, but apparently it has several branch offices.  *See id*. Plaintiff Karanya Dudley is an individual who purportedly applied for housing assistance at an ATCOG branch in Omaha, Texas.  (Complaint at 1-2).  Although Dudley is currently a resident of Houston, Texas, it appears that she still wishes to secure housing in ATCOG's jurisdiction.  (*See id*.).

Plaintiff alleges that, sometime prior to February, 2007, she went to the ATCOG office in Omaha, Texas, and applied for housing assistance.  (*Id*.).  She claims that her application was eventually granted, and that she was then instructed "to go find a house."  (*Id*.).  Allegedly, Plaintiff followed that instruction, and made several attempts to secure a place to live.  (*Id*.).  She claims, however, that every time she found a suitable home, she was denied the promised assistance.  (*Id*.). Plaintiff contends that, after several inquiries, she learned that an ATCOG employee named "Sherry" had "accused" her of having been involved in a "shooting."  (*Id*.).  Plaintiff does not elaborate on this contention.  (*See id*.).  Instead, she merely states that she has attempted to contact Defendants as recently as May, 2009, to ask them the "place, time & date" that "this alleged shooting supposedly have [sic] took place," as well as the source of the information.  (*Id*.).  Plaintiff complains that Defendants never responded to her inquiries.  (*Id*. at 1).

On June 29, 2009, Plaintiff filed this lawsuit against ATCOG and "Sherry."  (*See id*.).  While it is unclear, it is reasonable to construe her complaint to encompass claims for unfair treatment by persons administering a federal housing assistance program, and for defamation arising out of "Sherry's" alleged accusation.[1]  (*See id*.).  To date, neither defendant has made an appearance in this

---

[1] Plaintiff is proceeding *pro se*, without the benefit of counsel.  It is well established that pleadings filed by *pro se* litigants must be construed liberally.  *See Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009); *Propes v. Quarterman*, 573 F.3d 225, 231 (5th Cir. 2009).  However, the litigant is still required to comply with the Federal Rules of Civil Procedure.  *See Douglass v. United Services Auto. Ass'n*, 65 F.3d 452, 455 n.4 (5th Cir. 1995).

case, although an attempt was made to serve them.  (*See* Process Receipt and Return, Docket Entry #3 [which shows that summons was sent, by certified mail, to "Sherry Art/tex Council of Government," and was signed for by "Lynn Freeman" on August 24, 2009]).

On November 12, 2009, Dudley informed the court that she had received a letter from ATCOG, in September, that requested a statement from her regarding the date and time that "Sherry" accused her of the "shooting"; proof that she had been deemed eligible for housing assistance; and proof that she has been denied housing since she was accused of the shooting.  (Plaintiff's Letter to the Clerk of Court, Docket Entry #5).  She claims that she compiled the information and "faxed [it] to Executive Director L.D. Williams," but has received no further word from ATCOG.  (*Id.*).  The record contains no proof of this alleged correspondence, nor further detail on the nature of Plaintiff's claims.  Under these circumstances, the threshold question is whether Plaintiff's claims should be dismissed, under 28 U.S.C. § 1915(e)(2), as frivolous or for failure to state a claim.  For the reasons that follow, the court recommends that this lawsuit be dismissed.

**Discussion**

In this case, Plaintiff is proceeding *in forma pauperis*.  (Docket Entry #2).  When a plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2) allows the court to examine her complaint to determine whether it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is considered to be frivolous "if it does not have an arguable basis in fact or law."  *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).  A complaint is subject to dismissal if, as written, it fails "'to state a claim to relief that is plausible on its face.'"  *Id.* at 769 n.3 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).  If the case fits within one or more

of the categories listed in § 1915, the court has the discretion to dismiss the case *sua sponte*. *See* 28 U.S.C. § 1915(e)(2)(B); *United States v. Pineda-Arrellano*, 492 F.3d 624, 628 (5th Cir. 2007).

Here, there are several factors which cast doubt on whether the complaint has "an arguable basis in fact or law," or on whether it fails "to state a claim to relief that is plausible on its face." *See Brewster*, 587 F.3d at 767, 769 n.3 (citations omitted). The first involves the matter of the court's subject matter jurisdiction. A federal court has subject matter jurisdiction over the following: (i) cases involving questions of federal law; and (ii) cases where the parties are diverse, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a)(1); *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 721 n.5 (5th Cir. 1996). If neither of these jurisdictional grounds exists, the court has no authority to hear the case. *See Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). Claims involving federal housing programs may well raise a question of federal law. *See* 28 U.S.C. § 1331. In this case, however, it is far from clear whether Plaintiff is claiming that Defendants violated federal housing laws, or any other federal law. Further, defamation claims are matters of state law. *See Levine v. CMP Publications, Inc.*, 738 F.2d 660, 673 n.19 (5th Cir. 1984). If the only claims Plaintiff brings fall under state law, the court lacks subject matter jurisdiction because there is no diversity: Dudley and ATCOG are both citizens of Texas. *See* 28 U.S.C. § 1332(a)(1). Clearly, then, subject matter jurisdiction is a serious consideration in this case.

Other significant concerns in this case include, but are not limited to, the following: whether Defendants have been properly served; whether this is the appropriate venue; whether Plaintiff has named the proper parties; whether any claim requires exhaustion of administrative remedies; and whether any state law claim is barred by a statute of limitations. Further, there is no question that

4

the complaint does not contain sufficient allegations of fact "'to state a claim to relief that is plausible on its face.'" *See Brewster*, 587 F.3d at 769 n.3 (quoting *Iqbal*, 129 S. Ct. at 1949). Indeed, the court can do no more than surmise the nature of the claims Plaintiff hopes to pursue. The complaint itself consists of a single paragraph in which Dudley complains that "Sherry" accused her of being involved in a shooting, that she has been repeatedly denied the housing of her choice, and that Defendants have not responded to her queries. (Complaint at 1-2). But none of these events clearly suggests that any laws have been violated. As a final matter, Plaintiff has made no allegations that assert such fundamental issues as the court's jurisdiction, the proper parties, and the type of relief she seeks. In short, it can be said that the complaint does not have "an arguable basis in fact or law." *See Brewster*, 587 F.3d at 767.

Here, then, it is appropriate to find that Plaintiff's complaint is "frivolous," and that it "fails to state a claim on which relief may be granted," as contemplated by § 1915. *See* 28 U.S.C. § 1915(e)(2). Given these circumstances, the court has the discretion to dismiss this case. *See id.*; *Pineda-Arrellano*, 492 F.3d at 628. For the reasons detailed above, then, the court recommends that this action be dismissed under § 1915.

**Conclusion**

Accordingly, it is RECOMMENDED that this case be DISMISSED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1) (effective Dec. 1, 2009). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 8th day of January, 2010.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**